# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SALLY D. VILLAVERDE,<br><br>    Petitioner<br><br>v.<br><br>WILLIAM HUTCHING, *et al.*,<br><br>    Respondents. | Case No.: 2:21-cv-01595-GMN-BNW<br><br>**Order Granting in Part and Denying in Part Motion to Dismiss and Granting Motion to Seal**<br><br>(ECF Nos. 56, 58) |

In his second-amended 28 U.S.C. § 2254 habeas corpus petition Sally D. Villaverde seeks to challenge his first-degree murder conviction. (ECF No. 23.) He claims 8 grounds for relief, including alleging *Brady* violations and ineffective assistance of counsel. Respondents move to dismiss most grounds of the petition as procedurally defaulted, unexhausted or barred by the law of the case. (ECF No. 56.) The court grants the motion in part and denies it in part. Grounds 1, 3, 4, and 5 are dismissed as procedurally barred. Ground 6 is dismissed as barred by res judicata. Ground 7 is exhausted.

I. **Background**

In April 2004, a jury convicted Villaverde of first-degree murder with use of a deadly weapon, robbery with a deadly weapon, and burglary. (Exh. 99.)[1] He and two other men robbed and killed an acquaintance drug dealer in a Las Vegas motel room. The state district court sentenced him to two consecutive terms of life in prison without the possibility of parole on the murder count, 22 to 96 months on the burglary count, and two consecutive terms of 35 to 156 months for the robbery count. (Exh. 105.) Judgment of conviction was entered on June 10, 2004. (Exh. 115.) The Nevada Supreme Court affirmed Villaverde's convictions in February 2006 and affirmed the denial of his state postconviction petition in May 2010. (Exhs. 160, 222.)

Villaverde initiated his first federal habeas petition in June 2010. Case No. 3:10-cv-00347-LRH-RAM. This court denied the petition in March 2016 and declined to issue a certificate of appealability. *Id*. at ECF No. 70.

Villaverde pursued a second, third, and fourth[2] round of state postconviction proceedings. (Exhs. 227, 237, 245, 314, 330, 334.) The Nevada Court of Appeals affirmed that the three petitions were procedurally barred as untimely and successive. (Exhs. 292, 337, 353.) The court also determined that the second and third petitions constituted an abuse of the writ because they raised new and different claims from his first petition. (Exhs. 292, 353.)

---

[1] Exhibits referenced in this order are respondents' exhibits in response to second-amended petition and are found at ECF Nos. 30-55, 59.

[2] Villaverde's appeal of the denial of his second state postconviction petition is Case No. 77563-COA. The appeal of the denial of his third petition is Case No. 84026-COA. The appeal of the denial of his fourth petition is Case No. 85130-COA.

In March 2019, Villaverde filed a *pro se* motion to modify his sentence. (Exh. 273.) The Nevada Court of Appeals affirmed the denial of the motion and denied his petition for review. (Exhs. 296, 299.) In May 2021, Villaverde moved in *pro se* to amend his judgment of conviction to include his pre-sentence credit for time served. (Exh. 307.) On June 14, 2021, the state district court filed an amended judgment of conviction granting Villaverde credit for time served. (Exh. 311, 312.)

## II.     Villaverde's Current Federal Petition

Villaverde initiated this federal petition, his second, in August 2021. (ECF No. 6.) The court granted his motion for appointment of counsel, and he ultimately filed a second-amended petition through CJA counsel. (ECF No. 23.) He alleges 8 grounds for relief:

> Ground 1: The State violated Villaverde's Fourteenth Amendment due process rights by using factually inconsistent and irreconcilable theories to convict him and a co-defendant in separate trials.
>
> Ground 2: The State violated *Brady v. Maryland*[3] by failing to disclose that Villaverde's co-defendant admitted to strangling the victim.
>
> Ground 3: The amended information the prosecution filed post-trial violated Villaverde's due process rights.
>
> Ground 4: The State violated Villaverde's Fourteenth Amendment equal protection and due process rights when it dismissed the robbery charges against his co-defendant after Villaverde's trial.
>
> Ground 5: Villaverde's burglary conviction violated due process because the prosecution's theory lowered its burden of proof.
>
> Ground 6: Trial counsel was ineffective by conceding Villaverde's guilt in violation of his Sixth Amendment rights.

---

[3] 373 U.S. 83 (1963).

> Ground 7: Trial counsel was ineffective by failing to object to several jury instructions that related to the crime of conspiracy.
>
> Ground 8: The trial court violated Villaverde's due process rights by denying his motion in limine regarding the palm print and by allowing an officer to refer to the fingerprint evidence as a "bloody palm print."

(ECF No. 23 at 3-28.)

Respondents now move to dismiss grounds 1 through 5 as procedurally barred and ground 6 based on res judicata. (ECF No. 56.) They also argue that ground 7 is unexhausted in part. Villaverde opposed, and respondents replied. (ECF Nos. 60, 61.)

### III. Legal Standards & Analysis

#### a. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal

constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v.*

*Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

### *Ground 7 is exhausted.*

Villaverde argues that his trial counsel was ineffective for failing to object to eight jury instructions on conspiracy. (ECF No. 23 at 24-25.)

Villaverde raised this claim in his first state postconviction petition. (Exh. 218 at 14; *see also* Exh. 222 at 4-5.) In federal ground 7 Villaverde includes additional allegations that trial testimony indicated that he was not involved in a conspiracy. (ECF No. 23 at 24-25.) But the court concludes that this is background for the claim that counsel was ineffective for failing to object to the jury instructions on conspiracy and does not place the claim in a significantly different posture. Ground 7 is exhausted.

### b. Procedural Default

Respondents argue that grounds 1-5 are procedurally defaulted. (ECF No. 56 at 7-10.) "Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts, but the state courts disposed of the claim on procedural grounds, instead of on the merits. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Id*.

The *Coleman* Court explained the effect of a procedural default:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the

alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

***Grounds 1, 3, 4, and 5 are procedurally barred from federal review.***

Villaverde claims:

> Ground 1: The State violated Villaverde's Fourteenth Amendment due process rights by using factually inconsistent and irreconcilable theories to convict him and a co-defendant in separate trials.
>
> Ground 3: The amended information the prosecution filed post-trial violated Villaverde's due process rights.
>
> Ground 4: The State violated Villaverde's Fourteenth Amendment equal protection and due process rights when it dismissed the robbery charges against his co-defendant after Villaverde's trial.
>
> Ground 5: Villaverde's burglary conviction violated due process because the prosecution's theory lowered its burden of proof.

(ECF No. 23 at 3-18.)

He raised these claims in his second state postconviction petition. (Exhs. 227, 237, 245, 251.) The Nevada Court of Appeals held that these claims were procedurally barred as untimely, successive, and an abuse of the writ. NRS 34.726(1);

34.810(1)(b)(2); 34.810(2). (Exh. 292.)  The appellate court concluded that Villaverde failed to demonstrate cause and prejudice to excuse the default of the five claims. The court also held that Villaverde failed to demonstrate actual innocence, under the miscarriage of justice standard, to overcome the procedural bars. (*Id*. at 3-4.)

The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of the procedural bars at issue in this case – NRS 34.726 and NRS 34.810 – are independent and adequate state grounds. *Vang v. Nevada*, 329 F.3d 1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). Therefore, the Nevada Court of Appeals' determination that federal grounds 1, 3, 4, and 5 were procedurally barred under NRS 34.726 and 34.810 were independent and adequate grounds to affirm the denial of the claims in the state petition.

In his opposition, Villaverde focuses his arguments on whether the amended judgment of conviction constitutes a new judgment. (ECF No. 60.)  An amended judgment of conviction can constitute a new judgment that restarts the AEDPA limitations period. *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017), citing *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010).[4]  But respondents don't dispute that the amended judgment—which granted Villaverde credit for time served—is a new judgment in accordance with *Magwood*, *Gonzalez*, and *Turner*[5] that gave Villaverde additional time to seek federal habeas relief under the Anti-Terrorism and Effective Death Penalty Act (AEDPA).

---

[4] Generally, the correction of a clerical or "scrivener's" error would not be considered a new judgment from which the one-year deadline would start again. *See Gonzalez v. Sherman*, 873 F.3d 763, 772 (9th Cir. 2017).

[5] *Turner v. Baker*, 912 F.3d 1236 (9th Cir. 2019).

Villaverde argues, without support, that "[state] procedural default doctrines necessarily cannot apply to this "new judgment" at this point." (ECF No. 60 at 6.) But while the amended judgment starts anew the federal limitations period, it does not prevent the application of certain state procedural bars, including procedural default, res judicata, and non-exhaustion. *See Magwood*, 561 U.S. at 340 ("We leave that procedural-default ruling to the [state courts] to review in the first instance. Here, we underscore only that procedural-default rules continue to constrain review of claims in all applications, whether the applications are 'second or successive' or not."); *see also Taylor v. Jaime*, 2021 WL 1553966 (N.D. Cal. Apr. 20, 2021) (declined to reexamine the state court's interpretation and application of a state procedural bar, emphasizing that *Magwood* does not preclude states from adopting their own procedural rules.); *see also Sivak v. Christensen*, 2022 WL 118638 at *1 (9th Cir. Jan. 12, 2022) ("The district court erred when it required petitioner's claims to be exhausted again because of the imposition of a different sentence. When it comes to exhaustion, the default rule is that a claim must be presented to the state court once.")

Here, the state courts relied on adequate and independent grounds in concluding that grounds 1, 3, 4, and 5 were procedurally barred. Villaverde does not argue here that he can demonstrate good cause and actual prejudice to excuse the default. Accordingly, this court dismisses these grounds as procedurally barred from federal review.

***Ground 2 is not procedurally barred from federal review.***

Respondents also argue that ground 2 is procedurally barred. (ECF No. 56 at 8.) Villaverde claims in ground 2 that the State violated *Brady v. Maryland*[6] by failing to disclose that Villaverde's co-defendant admitted to strangling the victim. He raised this claim in his second state postconviction petition. (Exhs. 227, 237, 245, 251.) The Nevada Court of Appeals held that the claim was procedurally barred as untimely, successive, and an abuse of the writ. NRS 34.726(1); 34.810(1)(b)(2); 34.810(2). (Exh. 292.) The appellate court concluded that Villaverde failed to demonstrate cause and prejudice to excuse the default of ground 2. The court also held that Villaverde failed to demonstrate actual innocence, under the miscarriage of justice standard, to overcome the procedural bars. (*Id*. at 3-4.)

Respondents argue that the Nevada Court of Appeals' determination that federal ground 2 was procedurally barred under NRS 34.726 and 34.810 were independent and adequate state-law grounds to affirm the denial of the claim in the state petition. *Vang*, 329 F.3d at 1073-75; *Bargas*, 179 F.3d at 1210-12. But federal habeas review is not barred if the state decision fairly appears to rest primarily on federal law, or to be interwoven with federal law. *Cooper v. Neven*, 641 F.3d 322, 332 (9th Cir. 2011). In *Cooper*, the Ninth Circuit considered a case where the Nevada Supreme Court had held that the *Brady* and *Napue* claims in Cooper's last state petition were procedurally barred by two of the same state procedural rules at issue here: NRS 34.726(1) and 34.810(2). The Nevada Supreme Court explicitly relied on a federal *Brady* analysis to determine cause and prejudice. That court explained that the merits of a *Brady* claim "dovetail

---

[6] 373 U.S. 83 (1963).

exactly" with the cause and prejudice analysis. (*Id*. at 333.)  The Ninth Circuit held that the Nevada appellate decision did not rest on an independent and adequate state ground and federal habeas review was not precluded.

When the Nevada Court of Appeals held that Villaverde's second state petition was procedurally barred it considered whether the alleged *Brady* violation demonstrated cause and prejudice to excuse the default. (Exh. 292 at 5-6.)  As in *Cooper*, the court observed "Good cause and prejudice parallel the second and third *Brady* components; in other words, proving that the State withheld the evidence generally establishes cause, and proving that the withheld evidence was material establishes prejudice." (*Id*. at 4, *quoting State v. Bennett*, 81 P.3d 1, 8 (Nev. 2003.)  Thus, the state appellate court considered the merits of the *Brady* claim. That state decision was not based on an independent and adequate state ground. So this court is not precluded from considering the merits of ground 2, and the court declines to dismiss the claim as procedurally defaulted. The court will address ground 2 when considering the merits of the petition.

### c. Res Judicata

"Res judicata," or claim preclusion, provides that final judgment on the merits of an action bars the parties or their privies from re-litigating the same issues. *U.S. v. Bhatia*, 545 F.3d 757, 759 (9th Cir. 2008) (quoting *United States v. Schimmels* (*In re Schimmels*), 127 F.3d 875, 881 (9th Cir. 1997). "[Valid, final judgments . . . of any court of competent jurisdiction[,] have res judicata effect and preclude further litigation on the merits." *Ortiz v. U.S*. 138 S.Ct. 2165, 2174 (2018.)

***Ground 6 is barred by res judicata.***

Respondents argue here that ground 6 is barred by res judicata. (ECF No. 56 at 10.) Villaverde contends in ground 6 that his trial counsel was ineffective for conceding his guilt during the different phases of trial in violation of his Sixth Amendment rights. (ECF No. 23 at 20-22.) He raised this claim in his amended petition in his first federal habeas matter. 3:10-cv-00347-MMD-WGC, ECF No. 29 at 21-25. This court denied this claim on the merits. (*Id*. at ECF No. 70 at 12-16.) This is a "court of competent jurisdiction," and res judicata precludes Villaverde from litigating this claim a second time. In the new claim, Villaverde references *McCoy v. Louisiana*, 138 S.Ct. 1500 (2018), urging this court to find that counsel's admission of Villaverde's guilt was structural error. (ECF No. 23 at 22.) Respondents argue that Villaverde could have previously raised this claim and thus it also is barred by res judicata. The court disagrees that Villaverde could have referenced the 2018 *McCoy* decision in his 2012 amended petition in his first federal case. But it is of no moment, because the court held in his first federal habeas matter that defense counsel did not concede Villaverde's guilt of any charged crime and agreed with the state appellate court that trial counsel admitting to conduct that minimized Villaverde's role in the crime was a reasonable strategic decision. (3:10-cv-00347, ECF No. 70 at 15-16.) That court did not find that counsel was ineffective, thus it found no error, structural or otherwise. This court cannot revisit that claim. Federal ground 6 is therefore dismissed as barred by res judicata.

In sum, the court dismisses grounds 1, 3, 4, and 5 as procedurally barred from federal review. Ground 6 is dismissed as barred by res judicata. Three grounds remain:

   Ground 2: The State violated *Brady v. Maryland*[7] by failing to disclose that Villaverde's co-defendant admitted to strangling the victim.

   Ground 7: Trial counsel was ineffective by failing to object to several jury instructions that related to the crime of conspiracy.

   Ground 8: The trial court violated Villaverde's due process rights by denying his motion in limine regarding the palm print and by allowing an officer to refer to the fingerprint evidence as a "bloody palm print."

The court will address these claims when considering the merits of the petition.

   IV.  **Motion to Seal**

  Respondents have also filed a motion for leave to file an exhibit under seal. (ECF No. 58.)  While there is a presumption favoring public access to judicial filings and documents, a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted).  In general, "compelling reasons" exist where the records may be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

  Here, respondents ask to file Villaverde's presentence investigation report ("PSI") under seal because it is confidential under state law and contains sensitive, private information. The court has reviewed the PSI and concludes that respondents have

---

[7] 373 U.S. 83 (1963).

demonstrated compelling reasons to file it under seal. Accordingly, the court grants the motion, and Exhibit 104, the PSI, will remain under seal.

**V. Conclusion**

IT IS THEREFORE ORDERED that respondents' motion to dismiss **(ECF No. 56) is GRANTED in part and DENIED in part** as follows:

- **Grounds 1, 3, 4, and 5 are DISMISSED** as procedurally barred from federal review;
- **Ground 6 is DISMISSED** as barred by res judicata;
- Ground 7 is exhausted.

IT IS FURTHER ORDERED that respondents' motion for leave to file exhibit under seal **(ECF No. 58) is GRANTED**. The exhibit will remain under seal.

IT IS FURTHER ORDERED that respondents have 60 days from the date of this order to file an answer to the remaining grounds in the petition. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that Villaverde will then have 45 days from the date of service of respondents' answer to file a reply.

DATED: 28 December 2023.

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE